UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ELIS NELSON ORTIZ-NIEVES,

                  Petitioner,

v.

ADAM DOUGLAS,

                  Respondent.

_____/

Case No. 1:23-cv-2

Honorable Robert J. Jonker

**ORDER**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This matter is presently before the Court on Respondent's motion to dismiss the petition as untimely (ECF No. 8).

Petitioner Elis Nelson Ortiz-Nieves[1] is incarcerated with the Michigan Department of Corrections at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. On December 7, 2017, following a four-day jury trial in the Kent County Circuit Court, Petitioner was convicted of first-degree child abuse, in violation of Mich. Comp. Laws § 750.136b(2), and first-degree felony murder, in violation of Mich. Comp. Laws § 750.316(1)(b). On January 11, 2018, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to life imprisonment without parole for the murder conviction and 80 to 150 years' imprisonment for child abuse.

---

[1] Petitioner's surname is listed on the Court's docket as "Oritz-Nieves." The Court will direct the Clerk of Court to correct the docket to reflect Petitioner's surname as "Ortiz-Nieves."

Petitioner, with the assistance of counsel, directly appealed his convictions to the Michigan Court of Appeals. The Michigan Court of Appeals denied relief on November 19, 2019. *People v. Ortiz-Nieves*, No. 342256, 2019 WL 6247828 (Mich. Ct. App. Nov. 21, 2019). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. That court denied leave by order entered April 29, 2020. *People v. Ortiz-Nieves*, 941 N.W.2d 640 (Mich. 2020).

Thereafter, Petitioner returned to the trial court. The Kent County Circuit Court docket shows that Petitioner filed one motion for relief from judgment on December 14, 2020. (Kent Cnty. Cir. Ct. Register of Actions, ECF No. 9-1, PageID.47–48.) That motion was denied on January 13, 2021. (*Id.*) The Kent County Circuit Court docket also indicates that Petitioner filed a second motion for relief from judgment on June 2, 2021. (*Id*., PageID.47.) That motion was denied on June 4, 2021. (*Id.*)

On May 10, 2021, Petitioner filed an application for leave to appeal the trial court's January 13, 2021, order denying his first motion for relief from judgment to the Michigan Court of Appeals. (Appl. for Leave to Appeal, ECF No. 9-20, PageID.1087–1131.) The Michigan Court of Appeals denied leave by order entered July 26, 2021. (Mich. Ct. App. Order, ECF No. 9-20, PageID.1086.) Petitioner then sought leave to appeal to the Michigan Supreme Court. (Appl. for Leave to Appeal, ECF No. 9-21, PageID.1186–1242.) The Michigan Supreme Court denied leave to appeal by order entered May 3, 2022. *People v. Ortiz-Nieves*, 973 N.W.2d 134 (Mich. 2022).

After the Michigan Supreme Court denied leave to appeal the decision denying Petitioner's post-judgment motion, Petitioner filed a habeas corpus petition in the United States District Court for the Eastern District of Michigan. *See Ortiz-Nieves v. Macauley*, No. 2:22-cv-12065, 2022 WL 4280293, at *1 (E.D. Mich. Sept. 15, 2022). The Eastern District of Michigan court dismissed the

2

petition without prejudice because Petitioner failed to identify "which, if any, of the grounds for relief he raised in the state courts are the basis for his prayer for habeas corpus relief" and "he provide[d] no supporting facts for any of the listed grounds." *Id*. at *2. The court reminded Petitioner that his request for habeas relief was subject to a statute of limitations and that several months had already run on the limitations period. *Id*. The court also noted, however, that Petitioner was represented by counsel and that several months still remained to file a proper habeas petition. *Id*. The court also explained to Petitioner that when he filed a proper petition, he should file it in the United States District Court for the Western District of Michigan, where venue was proper. *Id*. at *3.

On January 2, 2023, Petitioner filed his habeas corpus petition raising twenty-three grounds for relief. (Pet., ECF No. 1, PageID.2–5.)

By order entered March 23, 2023, the Court ordered Respondent to file an answer to the petition. On September 19, 2023, Respondent moved to dismiss the petition as untimely. Petitioner responded on October 5, 2023.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on April 29, 2020**.**  Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the time period during which Petitioner could have sought review in the United States Supreme Court had expired.

4

*See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

The period during which an aggrieved criminal defendant could file his petition for certiorari is usually 90 days. For a brief period of time during 2020 and 2021, however, the period was extended to 150 days. Petitioner's case falls within that period. *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021). Thus, Petitioner's judgment did not become final on July 28, 2020, which is 90 days after the Michigan Supreme Court denied leave to appeal; it became final on September 26, 2020, which is 150 days after the Michigan Supreme Court denied leave to appeal.

The period of limitation ran beginning on September 26, 2020. It ran until Petitioner filed his motion for relief from judgment in the trial court on December 14, 2020—79 days, leaving Petitioner 286 days in the period of limitation. The period began running again on May 3, 2022, when the Michigan Supreme Court denied leave to appeal the trial court's denial of Petitioner's motion for relief from judgment. When Petitioner filed his habeas petition in this Court on January 2, 2023, he still had more than a month remaining on the period of limitation. Accordingly,

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss the petition as untimely (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent shall file an answer in response to the petition for writ of habeas corpus within 120 days. No extensions of time will be granted. Petitioner may submit a reply to the Respondent's answer within 42 days after the answer is filed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall change Petitioner's name on the docket to Elis Nelson Ortiz-Nieves.

Dated:      October 16, 2023                    /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge